### CROMELIN v. UNITED STATES.
### No. 12845.

United States Court of Appeals
Fifth Circuit.
Oct. 28, 1949.

Paul L. Cromelin, in pro. per.

Wm. T. Morton, Asst. U. S. Atty., Augusta, Ga., J. Saxton Daniel, U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

On November 8, 1948, appellant Cromelin filed in the district court his complaint against the United States, expressly under the Federal Tort Claims Act of 1946, 60 Stat. p. 842, 28 U.S.C.A. §§ 1346, 2671 et seq., for personal damages due to acts of misfeasance, malfeasance, and nonfeasance committed during October and November, 1947, by two agents and employees of the United States, to-wit, Frank M. Scarlett, District Judge for the Southern District of Georgia, and Otis M. Benton, as Trustee of Cromelin's Air Activities, Inc., in reorganization under the Bankruptcy Act, 11 U. S.C.A. § 501 et seq., in said court; each of said agents and employees acting within the scope of his office and employment. The United States moved to dismiss for want of jurisdiction in that the claim was not one covered by the Tort Claims Act and limitation .fixed by the Act; that the judge and the trustee in bankruptcy were not employees of the United States within the meaning of the act; that the claim falls within the exceptions named in the Act, no exception being specified; and that the judge is exempt from civil liability for his judicial acts, and the United States is not subject to liability for such acts nor for the acts of the trustee. Another district judge was designated to hear the case, who sustained the motion to dismiss, and this appeal was taken.

As to what happened in the proceedings in the reorganization case of Cromelin Air Activities, Inc., we are confined to the allegations of the complaint now before us. They are that the corporation was mostly owned by Cromelin and that he had agreed

to buy out the minority stock of $7000 value and had paid $1000 on the purchase. A large corporate creditor was embarrassing the corporation though it was solvent, and Cromelin, as president, filed in its behalf a petition for reorganization in bankruptcy under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., which was approved by Judge Scarlett and ordered filed. Benton was appointed trustee. Benton, without consulting the creditors, except the creditor who was embarrassing the corporation, in secret prepared a report recommending that the airplanes, being the income producing property of the corporation, be at once sold; and he discharged without cause Cromelin, after hiring him to conduct the business, falsely reporting that Cromelin had resigned; refused to pay Cromelin money belonging to him; made false statements in his report to prejudice the judge against the possibility of reorganization; and neglected to operate the business; refused to operate the business; made a second false report, without consulting interested parties; directed to the destruction of the corporation and solely in the interest of the principal creditor; and secretly obtained from Judge Scarlett a show cause order for the sale of the income producing assets. The charges against Judge Scarlett are in part that he adopted a biased and prejudiced attitude toward reorganization, refusing to listen to favorable testimony; refused to allow objections made to the trustee or his reports; refused in open court repeatedly to hear from Cromelin and his attorney; refused to hold a hearing on a plan of reorganization filed by the debtor; did not allow a hearing on the show cause order to sell the assets, and would not consider petitioner's written objections thereto; refused to abide by his statutory duty to approve a proper plan of reorganization or allow the creditors to consider the plan; then refused petitioner's appeal and request for a supersedeas bond. These things are asserted to be not judicial acts, but flat refusals to perform statutory duties, and that they resulted in taking Cromelin's property without due process of law, causing him to lose his employment, his stock

in his company, and his payment on the minority stock, and forcing him into personal bankruptcy since he was indorser on the corporation's debts. Other items of personal damages were also alleged.

The judge designate, in sustaining the motion to dismiss, said orally: "It is in substance an effort· to recover damages for what the complaint charges is malfeasance, misfeasance, and nonfeasance of a federal district judge, an action to recover damages for things that he did or failed to do as a judge in a matter pending before him. I hold that neither under the Tort Claims Act nor under any other Act of Congress can a federal district judge be held personally liable for any of his judicial decisions; and that the United States is not liable and not suable under the Tort Claims Act for the judicial decisions of a federal judge on matters heard and determined by him. I hold further that a federal district judge is not an employee of the United States, nor is his trustee in bankruptcy".

We think the holdings are correct. The trustee, like a receiver, is an officer of court, appointed by the court, directed by the court, and paid by the court from the funds in the court. He is in no sense an agent or employee or officer of the United States. The judge is appointed by the President and confirmed by the Senate and paid from the United States treasury, but in trying cases he is a member of the independent judiciary and is not under the control of the United States any more than a member of the legislative department is in legislating. Such officers are not within the contemplation of the Tort Claims Act. If even gross errors of the judges are to be compensable out of the Treasury of the United States, very clear language would be required in a law so ordering.

Appellant, in argument, concedes that judicial errors are not within the Tort Claims Act, but argues that what is charged are refusals and neglects to do statutory and constitutional duties and so plain as to be ministerial in character.

We cannot agree. However wrong the conduct attributed to the judge may have

been, and we must on this motion to dismiss view the allegations of fact as true, it was the conduct of a judge acting as such, subject to correction on appeal to this court, but not a tort for which the United States has made itself liable in damages to persons claiming to have been injured. Nor does the State law afford any standard of liability if the Tort Claims Act were sought to be applied, for judicial error gives rise to no private liability under that law also.

Judgment affirmed.