Roy B. FOSTER, Plaintiff,

v.

Robert H. BORK et al., Defendants.

Civ. A. No. 76–1659.

United States District Court,
District of Columbia.

Jan. 25, 1977.

Roy B. Foster, pro se.

John R. Dugan, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

SIRICA, District Judge.

This case provides redundant evidence that officials of the federal government are frequently defenseless against the groundless actions brought by determined litigants. This case also provides a glaring example of how the disappointment experienced by litigants in connection with one lawsuit all too often leads to the filing of successive lawsuits against those who have opposed them in the past. On February 8, 1966, plaintiff recovered $85,000.00 from the Greyhound Bus Company for negligence arising out of an accident in which plaintiff sustained injuries. From that time onward, plaintiff has filed no fewer than six lawsuits against numerous individuals and officials, including his attorneys, the attorneys of his opponents and all the federal judges in the Ninth Circuit who acted upon his complaints and appeals, for alleged tortious acts committed in pursuance of a conspiracy to deny plaintiff his just reward. The present action forms the latest chapter in this succession of lawsuits. Plaintiff here seeks to recover $900,000.00 in damages against the United States, the Solicitor General of the United States, the Clerk of the Supreme Court of the United States and two assistant clerks for their part in handling plaintiff's motion for leave to file a petition for extraordinary relief in the

United States Supreme Court. The matter came on for hearing on January 17, 1977 on the motion of defendants to dismiss the action for want of jurisdiction and for failure to state a cause of action. For the reasons which follow, the Court is convinced that the action lacks merit and must be dismissed.

## I

The essential facts are these. On February 8, 1966, plaintiff recovered $85,000.00 in a suit against Greyhound Bus Company filed in Sacramento County California Superior Court. No appeals were taken in this matter, either by the bus company, challenging the validity of the judgment, or by the plaintiff, challenging the amount of damages awarded. Subsequently, however, plaintiff filed a second suit against Greyhound, in District Court in Illinois, claiming additional damages, but this suit was dismissed on collateral estoppel grounds. Plaintiff then commenced suit for malpractice against the attorneys who represented him in his California action, but this action, also brought in Illinois, was dismissed because of improper venue.

In 1972, plaintiff again brought suit against his attorneys for malpractice, this time in the District Court for the Eastern District of California. The Court there held that the action was barred by the California Statute of Limitations and dismissed it. This decision was affirmed by the Court of Appeals for the Ninth Circuit on February 27, 1975.

Apparently dissatisfied with the disposition of his California malpractice action, plaintiff then filed suit against the federal judge who had earlier found the action barred because of the Statute of Limitations. This suit was dismissed on grounds of judicial immunity, and the dismissal was affirmed by the Ninth Circuit. Plaintiff also instituted an action against the attorneys who had represented the defendants in the malpractice action and others, alleging a conspiracy to deprive him of his day in court. The action was dismissed on April 21, 1976. A related suit was filed in District Court for the Northern District of California against the United States and seven federal judges sitting in the Ninth Circuit, and this action too was dismissed. Plaintiff appealed neither of these dismissals. Instead, he filed a motion in the United States Supreme Court for leave to file a petition for extraordinary relief. This motion was opposed by the Solicitor General and was later denied by the Supreme Court, as was a motion for reconsideration of the matter.

After plaintiff was notified by the Clerk of the Supreme Court that his motions had been denied, he filed the instant action, alleging that the Solicitor General, the Clerk of the Supreme Court and two assistant clerks were engaged in an ongoing conspiracy to deprive him of his day in court.

## II

Plaintiff rests his claims for relief on provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (1970). Defendants have answered with a motion to dismiss the action for want of jurisdiction and for failure to state a cause of action. Defendants contend that the action should be dismissed, as to the Clerk of the Supreme Court and his assistant clerks, because the Federal Tort Claims Act does not extend to employees of the Supreme Court and, as to the Solicitor General, because the complaint fails to allege facts sufficient to state a cause of action for monetary relief. In the Court's view, both of these contentions have merit.

■ The Federal Tort Claims Act operates as a waiver of sovereign immunity with respect to *certain* actions taken by *certain* employees of the federal government. By its terms, the Act waives immunity for a limited range of wrongful acts on the part of employees of "federal agenc[ies]." 28 U.S.C. § 2671. The Act defines "federal agenc[ies]" as the "executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United

States." Nowhere in this definition is there the suggestion that divisions of the Judicial Branch of Government are susceptible to designation as "federal agenc[ies]." That being so, it follows that employees of the Supreme Court, such as those named as defendants here, are not amenable to suit under the Federal Tort Claims Act. Accordingly, the motion to dismiss the instant action as to the Clerk of the Supreme Court and his assistant clerks must be granted.

 The Solicitor General stands in somewhat of a different posture, however. Unlike the Supreme Court defendants, the Solicitor General is an employee of the Executive Branch of Government. As such, the Federal Tort Claims Act waives immunity as to him but if and only if the wrongful acts with which he is charged are not excluded from coverage under the Act by 28 U.S.C. § 2680, which specifies exceptions to Tort Claim Act liability. Section 2680 provides in relevant part that:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> (a) Any claim based upon an act or omission, of any employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

What plaintiff has alleged here is that the Solicitor General acted wrongfully in deciding to oppose plaintiff's motion for leave to file a petition for extraordinary relief. So viewed, the allegations of wrongdoing are "based upon the exercise" of a "discretionary function" on the part of the Solicitor General. The decision to oppose a motion filed in the Supreme Court is at the heart of the Solicitor General's discretion. See Sup.Ct. R. 31(3). This places plaintiff's allegations squarely inside the bounds of the exceptions to liability specified in § 2680(a), necessitating dismissal of the action.

### III

For the foregoing reasons, the motion of defendants to dismiss the action as to all defendants must be granted.

So ordered.