[Civ. No. 48621. Second Dist., Div. Three. May 27, 1977.]

MARINA CASTRO, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

### COUNSEL

Gerald Fink, Richard Morris and Allan P. Loewe for Plaintiff and Appellant.

Burk M. Wiedner, Anderson, McHale & Connor, Michael J. McHale, Arthur E. Schwimmer and Jay R. Louie for Defendants and Respondents.

### OPINION

**COBEY, J.**—This is an appeal by plaintiff, Marina Castro, from two judgments (Code Civ. Proc., § 581d) dismissing her second amended complaint as to defendants, the State of California and the County of Los Angeles only, following the sustaining, without leave to amend, of their respective general demurrers to the pleading. The appeal lies. (Code Civ. Proc., § 904.1, subd. (a); 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, pt. 1, § 42, p. 4057.)

The fundamental question posed by this appeal is whether defendants state and county may be held liable for injuries allegedly inflicted upon plaintiff when she was struck while in a crosswalk by an automobile allegedly negligently operated by defendant Sederberg, while responding

to a summons to serve as a trial juror in the superior court.[1] The answer to this question depends upon the answers to two subsidiary questions: (1) Was Sederberg then an employee or servant of either the state or the county? (2) If so, was he at the time of the accident acting within the scope of that employment? Since we answer both the subsidiary questions in the negative, our answer to the fundamental question will likewise be in the negative. We therefore will affirm.

## DISCUSSION

In deciding whether Sederberg, as a prospective trial juror in the superior court, was an employee at the time of the accident of either the state or the county for the purpose of imposing upon them vicarious liability in tort for Sederberg's alleged negligence, the first thing that must be borne in mind is that workers' compensation cases (while useful and at times illuminating) should not control our answer to this question. The Workers' Compensation Act is a protective statute (see Cal. Const., art. XIV, § 4; *California Comp. Ins. Co. v. Ind. Acc. Com.,* 128 Cal.App.2d 797, 805-806 [276 P.2d 148, 277 P.2d 442]) whose provisions must be liberally construed in favor of protecting injured workers. (Lab. Code, § 3202.) It is a shield for the injured worker. The imposition of vicarious tort liability, on the other hand, is a sword. Vicarious liability is a method of extending tort liability beyond those directly and immediately negligent. (See Prosser on Torts (4th ed. 1971) § 69, p. 458.) Stated otherwise, the fact that a prospective trial juror may be regarded as an employee for the purpose of providing him, when injured, some monetary relief when that injury was sustained in the course of his or her employment, does not compel that such individual be so regarded when the effect of doing so is not to provide the individual with protection from the adverse consequences of an injury sustained in the course of employment but, instead, to enlarge the group of those liable for the torts of the individual.

Secondly, employment is a voluntary and consensual relationship. (See *State Compensation Ins. Fund* v. *Workmen's Comp. App. Bd.,* 8 Cal.App.3d 978, 980-983 [87 Cal.Rptr. 770]; *Pruitt* v. *Workmen's Comp. App. Bd.,* 261 Cal.App.2d 546, 552 [68 Cal.Rptr. 12].) Service as a trial juror (prospective or actual) is not. This service is a burden of citizenship imposed involuntarily by the state. (See Gov. Code, § 204; Code Civ.

---

[1]The accident occurred at 8:20 a.m. in the immediate vicinity of the courthouse parking lot. Defendant Sederberg was apparently driving his own automobile.

Proc., §§ 198, subd. (1), 199, subd. (a); *Watkins* v. *State* (1945) 199 Ga. 81 [33 S.E.2d 325, 334].) A trial juror may be compelled to attend and a fine may be imposed for nonattendance. (Code Civ. Proc., § 238.) Consequently, for the purpose of imposing vicarious liability in tort upon public entities, we choose to regard trial jurors as nonemployees of those entities, however they may be viewed for workers' compensation purposes.[2]

In so concluding, we do no more than recognize, much as our Supreme Court did in *Laeng* v. *Workmen's Comp. Appeals Bd.,* 6 Cal.3d 771,, 774, 777-778, footnote 7 [100 Cal.Rptr. 377, 494 P.2d 1], the just-mentioned fundamental differences in purpose of workers' compensation legislation and the older areas of law—there contract and here tort. We are also much in accord with Labor Code section 3369, a provision of the Workers' Compensation Act, which provides that the inclusion of any person or groups of persons within the coverage of the act shall not cause any such person or groups of persons to be within the coverage of any other statute unless that statute expressly so provides.

■ ▬▬▬ In any event, even if, for the sake of further analysis and regardless of the foregoing, we assume the existence of an employment relationship between Sederberg and the state and county,[3] it does not follow that these public entities could be liable to plaintiff under the facts pled in this case. In California a public entity is liable for injury only as provided by statute. (Gov. Code, § 815, subd. (a).)[4] The

---

[2]The courts have split over whether a trial juror is an employee for workers' compensation purposes. The weight of authority, however, denies this status to trial jurors. (See *Board of Com'rs. of Eagle County* v. *Evans* (1936) 99 Colo. 83 [60 P.2d 225, 226-227]; *Seward* v. *County of Bernalillo* (1956) 61 N.M. 52 [294 P.2d 625, 625]; *Hicks* v. *Guilford County* (1966) 267 N.C. 364 [148 S.E.2d 240, 243-244]; *Silagy* v. *State* (1968) 101 N.J.Super. 455 [244 A.2d 542, 546-548], affd. 105 N.J.Super. 507 [253 A.2d 478, 478-479], cert. den., 54 N.J. 506 [257 A.2d 106]; *In re O'Malley's Case* (1972) 361 Mass. 504 [281 N.E.2d 277, 278-279].) A minority accords it. (See *Industrial Commission* v. *Rogers* (1930) 122 Ohio St. 134 [171 N.E. 35, 36-37, 70 A.L.R. 1244, 1245-1246], overruled on other grounds, 123 Ohio St. 451 [175 N.E. 697]; *County of Alameda* v. *I.A.C.* (1928) 15 I.A.C. 91, 91.)

[3]The superior court is a state court in jurisdiction. (See *Sacramento etc. D. Dist.* v. *Superior Court,* 196 Cal. 414, 432 [238 P. 687].) The county pays trial jurors their statutory mileage and fees. (See Code Civ. Proc., § 196; Pen. Code, § 1143; Gov. Code, §§ 76000-76058.) In civil cases the county has a right to be reimbursed by the losing litigant for these expenditures. (See Code Civ. Proc., § 631.1.)

[4]The application of the doctrine of enterprise liability to an essential governmental function such as the one involved in this case appears questionable. (See *Hinman* v. *Westinghouse Elec. Co.,* 2 Cal.3d 956, 960 [88 Cal.Rptr. 188, 471 P.2d 988].)

possibly applicable statutes imposing such liability are but two. Under Government Code section 815.2, subdivision (a), a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity provided such act or omission occurs within the scope of his employment. Vehicle Code section 17001 imposes liability upon a public entity for injury proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the entity acting within the scope of his or her employment.

Thus the liability imposed by both of these statutes attaches only if the tort of the employee occurs within the scope of the employment. The tort alleged in the pleading before us did not so occur. At the time of the accident Sederberg was operating an automobile enroute to the courthouse and in close proximity thereto. He was in fact responding to his summons to serve as a trial juror in the superior court when the car he was driving struck plaintiff, a pedestrian, in a crosswalk allegedly by reason of his negligence. Driving his car under these circumstances was not conduct within the scope of his employment as a trial juror for the simple reason that the employment had not begun. Even in workers' compensation cases the employment relationship does not commence until the employee enters the employer's premises (including his parking lot). Prior to such entry, the going and coming rule ordinarily precludes recovery. (*General Ins. Co.* v. *Workers' Comp. Appeals Bd.*, 16 Cal.3d 595, 598-599 [128 Cal.Rptr. 417, 546 P.2d 1361].) Indeed, in workers' compensation cases the courts have held noncompensable an injury occurring during the course of a local commute to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances. (*Hinojosa* v. *Workmen's Comp. Appeals Bd.*, 8 Cal.3d 150, 157 [104 Cal.Rptr. 456, 501 P.2d 1176].) There are no special or extraordinary circumstances in the case before us. Sederberg simply chose to use an automobile as his means of transportation to the courthouse.

## Disposition

The judgments of dismissal are affirmed.

Allport, Acting P. J., and Potter, J., concurred.