**UNITED STATES of America,
Defendant-Appellant,**

v.

**Edward LePATOUREL and Valerie LePatourel, Plaintiffs-Appellees.**

No. 77–1306.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1977.

Decided Jan. 26, 1978.

On Rehearing and Rehearing En Banc
March 30, 1978.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb. for appellant; Daniel E. Wherry, U. S. Atty., Omaha, Neb., on brief.

Thomas J. Culhane, Omaha, Neb., for appellees; Erickson, Sederstrom, Johnson & Fortune, Omaha, Neb., on brief.

Before MATTHES, Senior Circuit Judge, STEPHENSON, Circuit Judge, and WANGELIN, District Judge.*

MATTHES, Senior Circuit Judge.

The question to be resolved in this case is whether the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, applies to a federal judge performing an official, but non-judicial, function.

On April 21, 1976, Edward and Valerie LePatourel filed separate damage actions in Nebraska state court against The Honorable Robert V. Denney, United States District Judge, District of Nebraska. The complaints alleged that on May 12, 1972, Judge Denney negligently caused an automobile accident which resulted in various injuries to the plaintiffs. At the time of the accident, Judge Denney was operating his automobile on official business, and was receiving both mileage and per diem allowances from the United States government.

As directed under the Federal Tort Claims Act, the United States substituted itself as party defendant in both actions and removed the cases to federal court.[1] Plaintiffs filed motions for remand and for reconsideration of the district court's order of substitution, asserting that Judge Denney was not an "employee of the government" for purposes of the Act. The United States opposed plaintiffs' motions and sought summary judgment based on plaintiffs' failure to file administrative claims within two years, as required by 28 U.S.C. §§ 2401(b), 2675.[2]

---

* The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri sitting by designation.

1. In 28 U.S.C. § 2679(b), the Act provides:
 The remedy against the United States provided by §§ 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.
 In 28 U.S.C. § 2679(d), the Act provides:
 Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the dis-

trict and division and base and place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

2. 28 U.S.C. § 2401(b) provides in pertinent part:
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The district court consolidated the cases and denied the United States' motion for summary judgment, holding that the federal judiciary is not within the purview of the Federal Tort Claims Act, and therefore (1) plaintiffs' actions were not barred for failure to file administrative claims under the Act, and (2) removal to federal court under the Act was improper.[3] *LePatourel v. United States,* 430 F.Supp. 956 (D.Neb. 1977).

Upon application, this court permitted an interlocutory appeal from the district court's order. We reverse.

### I

The Federal Tort Claims Act was the culmination of decades of work toward an improvement in the method by which the United States afforded relief to those injured by the torts of its agents. *See* Gottlieb, *The Federal Tort Claims Act—A Statutory Interpretation,* 35 Geo.L.J. 1 (1946). Previously, the doctrine of sovereign immunity stood as an absolute barrier to most recoveries in tort against the government.[4] As a result, those injured by the conduct of government personnel were forced to seek relief through private congressional legislation. These private bills proved to be "notoriously clumsy." *Id.* at 25. The outcome in a given case often depended more on congressional caprice than on a fair and just legislative determination. *See Indian Towing Co. v. United States,* 350 U.S. 61, 68–69, 76 S.Ct. 122, 100 L.Ed. 48 (1955). Moreover, the consideration of private bills was a substantial drain on congressional time and resources. *See United States v. Muniz,* 374 U.S. 150, 154, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1962); *The Organization of Congress: Hearings Before the Joint Committee on the Organization of Congress,* 79th Cong., 1st Sess. 67–69 (1945) (remarks of Senator Kefauver); *id.* at 218–19 (remarks of Senator Taylor); *id.* at 598 (remarks of Dr. Jacobstein); *id.* at 696–97 (remarks of Mr. Jump). Congress sought to eliminate these problems by simultaneously waiving the United States' immunity to suit in tort, banning private bills, and establishing an administrative and judicial mechanism to handle tort claims against the government. *See* S.Rep.No. 1400, 79th

In 28 U.S.C. § 2675(a), the Act provides: An action shall not be instituted upon a claim against the United States for money damages for injury on loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

3. After plaintiffs moved to remand, the United States amended its removal petition to allege jurisdiction under 28 U.S.C. § 1442(a)(3) which provides:

A civil action or a criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;

Plaintiffs amended their motions for remand to deny the applicability of § 1442(a)(3). The District Court reserved decision of the matter pending the outcome of this appeal. 430 F.Supp. at 964. Given our disposition of the case, we need not resolve whether removal could be founded on § 1442(a)(3).

4. The ninety-one years between the establishment of the Court of Claims in 1855 and the enactment of the Federal Tort Claims Act "witnessed a steady encroachment upon the originally unbroken domain of sovereign immunity from legal process for the delicts of [government] agents." *Dalehite v. United States,* 346 U.S. 15, 25 n. 10, 73 S.Ct. 956, 963, 97 L.Ed. 1427 (1952). Eventually, over 20 different statutes provided some form of redress for tortious governmental acts. See L. Jayson, Handling Federal Tort Claims § 55 (1968). The coverage of these Acts was quite limited, however.

"[A] large and highly important area remained in which no satisfactory remedy had been provided for the wrongs of government officers or employees, the ordinary 'common law' type of tort, *such as personal injury or property damage caused by the negligent operation of an automobile.*"
*Dalehite, supra.* (emphasis supplied).

Cong., 2d Sess. 29–34 (1946). As Chief Justice Warren stated for a unanimous court in *United States v. Muniz, supra,*

> [T]he Federal Tort Claims Act, as part of the Legislative Reorganization Act of 1946, was designed not only to avoid injustice to those having meritorious claims hitherto barred by sovereign immunity, but to eliminate the burden on Congress of investigating and passing upon private bills seeking individual relief. (footnote omitted). 374 U.S. at 154, 83 S.Ct. at 1853.

These twin purposes, the compensation of tort victims and the elimination of the need for private bills, must guide our interpretation of the scope of the Act in the present case.

## II

The Act confers exclusive jurisdiction on the district court of all claims against the United States for losses resulting from the negligence

> of *any employee of the Government* while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis supplied).

> The term "employee of the government" *includes* officers or employees of *any federal agency* . . . .

28 U.S.C. § 2671 (emphasis supplied).

> The term "federal agency" *includes* the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor with the United States.*

28 U.S.C. § 2671 (emphasis supplied).

 As a matter of common understanding, federal judges are considered "employees of the government." Certainly, the judiciary is not employed by any other entity. Moreover, Congress chose to define "employees of the government" and "federal agency" inclusively rather than exclusively. That choice indicates a preference for a broad interpretation of the coverage of the Act which is further reflected in the congressional intention that the Act "cover . . . all federal officers and employees." S.Rep.No. 1400, *supra* at 31.[5] Where Congress wished to limit the Act's coverage, as in the case of independent contractors, the language employed conferred a clear and specific exemption. *See United States v. Orleans,* 425 U.S. 807, 813–14, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1975). Congress did not explicitly exempt the judiciary. And, of course, we are not justified in reading exemptions into the Act beyond those provided by Congress. *Rayonier v. United States,* 352 U.S. 315, 320, 77 S.Ct. 374, 1 L.Ed.2d 354 (1956).

Significantly, a prior version of the Act, which expressly excluded the judiciary, was never enacted. H.R. 5065, §§ 201(a), 304, 72d Cong., 1st Sess. (1931) provided in pertinent part:

> Subject to the limitations of this Act the Government of the United States authorizes the payment of claims on account of personal injury or death, if the injury or death was . . . (1) proximately caused by the negligence or wrongful act or omission of any *officer or employee of the Government* acting within the scope of his office or employment . . . .
>
> . . . . .
>
> When used in this Act—
>
> (a) The term "department or establishment" means any executive department or independent establishment *not in the legislative or judicial branches of the Government,* or any corporation acting as a governmental instrumentality or agency in which the United States owns or

---

5. Regardless of whether the statute in question is ambiguous or unambiguous, legislative history is relevant to the statute's construction. *Train v. Colorado P.I.R.G.,* 426 U.S. 1, 10, 96 S.Ct. 1938, 48 L.Ed.2d 434 (1975); *United States v. Eagle,* 539 F.2d 1166 (8th Cir. 1976), cert. denied, 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977).

controls 51 per centum or more of the voting shares and securities, but shall not include the Panama Railroad;

(b) The term "officer or employee of the Government" means any officer or employee of any department or establishment as above defined, any member of the military or naval forces of the United States, or any other person acting on behalf of the United States in any official capacity under or by authority of any such department or establishment . . . (emphasis supplied).

Given the long and deliberate development of the Tort Claims Act and Congress' consistent reliance on previous bills, we must conclude that the failure to exclude specifically the judiciary in the final version of the Act reflected a conscious congressional choice. *See United States v. Muniz, supra,* 374 U.S. at 155–56, 83 S.Ct. 1850.

The judicial branch presently employs nearly 12,000 people, most of whom are support personnel for over 600 federal judges. *See* 1977 Annual Report of the Director, Administrative Office of the United States Courts 27. Inevitably, some members of this growing body of federal employees will commit negligent, injurious acts while performing official duties. Indeed, the Administrative Office of the United States Courts has adjudicated claims against employees of the judiciary for some time. *See, e. g.,* 1975 Annual Report of the Director, Administrative Office of the United States Courts II–13. If those who have proper tort claims against the judicial branch are precluded from recovery under the Act, they will undoubtedly burden Congress with requests for private legislation to compensate them for their injuries. Thus, to hold that employees of the judicial branch are not covered by the Federal Tort Claims Act would ultimately impede Congress' statutory design: efficient redress for victims of governmental torts.

Plaintiffs argue that Congress, by defining "employee of the government" in terms of "federal agenc[ies]," only intended to waive the United States' sovereign immunity for the torts of the executive branch. We disagree.

We recognize that plaintiffs' construction of the Act has received some judicial support. *See, e. g., Foster v. Bork,* 425 F.Supp. 1318, 1319–20 (D.D.C.1977); *but see, McNamara v. United States,* 199 F.Supp. 879, 880–81 (D.D.C.1961) (per Holtzoff, J., one of the drafters of the Act: "[T]he statute applies to all three branches of the Government"). On balance, however, we are convinced that it was not the intention of Congress to so limit the waiver of sovereign immunity, and that the language of the Act can and should be read to include the judiciary.

At oral argument, plaintiffs noted that the United States was not subject to liability in tort absent a "*clear relinquishment* of sovereign immunity to give jurisdiction for tort actions." *Dalehite v. United States,* 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1952) (emphasis supplied). Plaintiffs argue that a "clear relinquishment" cannot be found if the Act is at all ambiguous regarding coverage of the federal judiciary. The district court apparently agreed. *LePatourel v. United States, supra* at 962.

We have considerable doubt as to whether the "clear relinquishment" test pressed by plaintiffs and adopted by the district court is either viable or apposite. Certainly, the authority of *Dalehite* has been somewhat impaired. *See Rayonier, Inc. v. United States, supra,* 352 U.S. at 319, 77 S.Ct. 374; Caruso, *An Analysis of the Evolution of the Supreme Court's Concept of the Federal Tort Claims Act,* 26 Fed.B.J. 35, 43–44 (1966). Moreover, the "clear relinquishment" language in *Dalehite* appears more applicable to situations where Congress has explicitly, albeit ambiguously, provided an exception to the Act's coverage. *See, e. g., Dalehite, supra; Orleans v. United States, supra.*

■ In any case, we do not feel that Congress need be overly specific before it can be said that the government's sovereign immunity has been waived. The question is not whether coverage was *literally* extended to a given group, but whether, after careful construction, it can reasonably be

said that the Act applies. *See Indian Towing Co. v. United States, supra,* 350 U.S. at 68–69, 76 S.Ct. 122.

Plaintiff points us to dicta in *Cromelin v. United States,* 177 F.2d 275, 277 (5th Cir. 1949), *cert. denied,* 339 U.S. 944, 70 S.Ct. 790, 94 L.Ed. 1359 (1950), and *Foster v. MacBride,* 521 F.2d 1304, 1305 (9th Cir. 1975), in which the independence of the federal judiciary was said to obviate that element of governmental control necessary to bring a federal officer or employee within the coverage of the Act.[6] It is sufficient to note that both cases involved judges acting in a judicial capacity, whereas the present case does not. The independence of the federal judiciary is wholly irrelevant to Judge Denney's nonjudicial conduct. Moreover, neither the Act nor its legislative history gives any indication that employee control answers the question of governmental liability outside the independent contractor context. *See generally United States v. Orleans, supra,* 425 U.S. at 813–14, 96 S.Ct. 1971; *Logue v. United States,* 412 U.S. 521, 526–27, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1972).

We have carefully reviewed each of plaintiffs' other arguments and have found them unconvincing. We hold that the judicial branch is covered by the Federal Tort Claims Act.

■ Since Judge Denney was acting within the scope of his governmental employment at the time of the accident alleged in the present case, plaintiffs' exclusive remedy was to file a claim with the Administrative Office of the United States Courts. *See* 28 U.S.C. §§ 2679(b), 2672. Plaintiffs failed to pursue that remedy within the two-year statute of limitations and their action is therefore time-barred. 28 U.S.C. §§ 2401(b), 2675(a). Accordingly, the order of the district court denying defendant's motion for summary judgment must be reversed. The cause is remanded to the District Court with directions to enter judgment for defendant.

---

**6.** In this connection, the district court likened federal judges to independent contractors who are specifically excluded from the coverage of

## ON PETITION FOR REHEARING BY THE PANEL OR BY THE COURT EN BANC

### PER CURIAM.

Plaintiffs-appellees, being dissatisfied with our opinion and reversal of the judgment with directions to dismiss their action, have filed a petition for rehearing and suggestions for a rehearing of the appeal by the court en banc.

Appellees contend that the panel to which the appeal was submitted has misconstrued the Federal Tort Claims Act (FTCA) by holding that a federal judge, performing an official but nonjudicial function, is an employee of the government within the meaning of the Act. The arguments and contentions espoused by appellees were fully ventilated in their original brief and were accorded careful consideration. Our court reached the conclusion that Judge Denney was an employee of the government for purposes of the FTCA and hence any claim of appellees had to be processed administratively in accordance with the provisions of 28 U.S.C. §§ 2401(b), 2675(a). The panel and all of the active judges of this court in regular service adhere to our holding on this issue.

■ Appellees present an alternative issue in their petition for rehearing which has provoked some concern. The contention is now advanced that our holding should be applied prospectively only. The argument is that appellees' claim against Judge Denney under the FTCA should not be completely wiped out because of their failure to present the claim to the appropriate federal agency (viz. Administrative Office of the United States Courts) within two years after the event occurred which gave rise to appellees' claim for relief. This is so, according to appellees, because they were unaware of the necessity to process their claim administratively within the prescribed time as a prerequisite to maintain-

---

the Act. *LePatourel v. United States, supra* at 962–63. We do not subscribe to the district court's analogy.

ing a court action. Apparently this point was not explicitly in issue in the district court. The United States Attorney, after causing the action to be removed from the state court to the United States district court, filed a motion for summary judgment asserting that Judge Denney was an employee of the government, that the appellees had failed to process their claim against the judge administratively within two years, and that, consequently, appellees were barred from recovery. Appellees made no formal response to the motion for summary judgment, although they were at liberty to file a pleading asserting that any holding that Judge Denney was covered by the Act should operate prospectively only.

The United States Attorney has, pursuant to our direction, responded to the petition for rehearing and has considered and discussed the recent case of *Kelley v. United States,* 568 F.2d 259 (2d Cir. 1978). The United States Attorney strenuously maintains that our opinion and ultimate conclusion is correct, and has forcibly argued against the theory of prospective application.

The alternative theory now relied upon by appellees was not presented to this court prior to the petition for rehearing and we decline to consider the question on the record presently before us. We have concluded, however, that in the interest of the administration of justice, the cause should be remanded to the district court with directions to hold a plenary evidentiary hearing concerning all events surrounding the alleged automobile collision forming the premise for appellees' claim for relief. The district court should endeavor to ascertain why the appellees failed to process their claim administratively within the prescribed period of time. The court should focus in particular upon whether the appellees, through prior counsel whom they may have retained or with whom they may have consulted, were aware of the mandated administrative procedure, and whether they were lulled into believing that a processing of the claim with the appropriate federal agency was not a prerequisite to court action. After fully exploring these matters,

the district court should file findings of fact and conclusions of law, or a memorandum opinion in lieu thereof, and cause the same to be certified to this court. This court will retain jurisdiction of the appeal pending further proceedings in accordance with the directions set forth above. Upon consideration of the district court's action, this court will proceed to a final disposition of the appeal and will determine whether the appellees may proceed against Judge Denney under the Federal Tort Claims Act.