**Jerry D. MEE, Plaintiff,**

v.

**The Honorable William H. BECKER et al., Defendants.**

**No. 76 CV 46 S.**

United States District Court,
W. D. Missouri, S. D.

July 19, 1978.

## MEMORANDUM

WANGELIN, District Judge.

Jerry D. Mee, a lawyer, seeks to have his name placed upon the list of attorneys that receive criminal appointments in the United States District Court for the Western District of Missouri. Defendants are the judges, magistrate judges, and the clerk of that court. They have moved for summary judgment. The affidavits filed are in substantial agreement and the following facts are taken as true for the purposes of this motion.

Plaintiff was admitted to the Missouri Bar in September of 1964. He is also admitted to practice before the United States District Court for the Western District of Missouri. In August of 1971, Bruce C. Houdek, the federal public defender in the Western District, hired plaintiff as a temporary assistant public defender. This appointment required the approval of the Administrative Office of the United States Courts and the Judicial Council of the United States Court of Appeals For the Eighth Circuit. The Administrative Office approved the appointment but the Judicial Council did not. It is uncertain why the Council withheld approval or when such action was taken. In any event, Houdek asked the Council to reconsider and conduct a supplemental investigation.

Plaintiff continued to serve as temporary assistant public defender. In January of 1972 he assumed representation of Raymond Vincent Souza, who was being held on suspicion of violating the Dyer Act. Plaintiff filed a federal habeas corpus petition on behalf of Souza challenging perceived irregularities at a preliminary hearing.

The habeas corpus petition was assigned to The Honorable William H. Becker, now Senior United States District Judge. After examining the record and talking with plaintiff by telephone Judge Becker dismissed the petition without prejudice on January 24, 1972. On March 1, 1972, plaintiff appeared at an arraignment held before. The Honorable Elmo B. Hunter, United States District Judge. Plaintiff's conduct before Judge Becker and Judge Hunter is the subject of some controversy.

It is not necessary for this Court to examine plaintiff's performance in the above described proceedings and reach an absolute judgment as to his legal abilities. It is obvious, however, that plaintiff did not display a familiarity with substantive or procedural federal criminal law.[1] He also misrepresented the financial position of the public defender's office. Thus, it may be concluded that Judge Becker and Judge Hunter were acting reasonably in forming negative opinions of plaintiff's ability.

Both Judges were interviewed by agents of the Federal Bureau of Investigation as a part of the Judicial Council's reinvestigation. Based upon their experiences in the *Souza* case both gave negative reports. On receipt of the F.B.I. report the Judicial Council again denied approval of plaintiff's appointment and suggested that he be discharged.

Houdek then asked for plaintiff's resignation. It was not forthcoming and plaintiff was fired. Plaintiff then asked Houdek for a letter explaining the reasons for his discharge. Houdek responded by alluding to "irreconcilable differences concerning the handling and processing of cases." He also

---

1. In particular, plaintiff misapprehended the purpose and scope of a preliminary hearing.

*See* Rule 5.1 of the Federal Rules of Criminal Procedure.

praised plaintiff's professional ability and integrity. Plaintiff was not informed of the true basis for his departure and became aware of the decision of the Judicial Council only in connection with this action.

In addition to the public defender program in the Western District of Missouri attorneys are appointed from a court approved list to represent indigent defendants. These appointments are made pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. The plan to implement the Act adopted by the Western District in 1965 provided that all persons admitted to practice before the Southern Division of the Court were eligible for appointments in that division. In 1971 a new plan was adopted providing for a specific list approved by the court en banc. A list was prepared in February of 1972. It did not include plaintiff, presumably because he was an assistant public defender.

Plaintiff subsequently contacted the magistrate's office attempting to be placed on the list. He received two appointments in 1973, apparently as a result of these requests. However, he was never authorized to be on the list. After being told by at least one secretary that he was on the list, plaintiff eventually determined that he was not.

In May of 1975 plaintiff wrote defendant Calvin K. Hamilton, Chief United States Magistrate, and asked to be placed on the list. He explained to Magistrate Hamilton his impression that he had been on the list from April of 1972. Magistrate Hamilton denied the request, primarily on the ground that most of the appointments being made were given to the public defender's office.

Plaintiff then wrote Magistrate Hamilton and asked to appear before the court en banc to appeal the denial. Judge Becker responded to this letter and invited plaintiff to file a written motion before the court en banc requesting relief.

On January 28, 1976 plaintiff filed a motion seeking to be placed on the list of attorneys to receive appointments. The motion briefly described plaintiff's background and his experience with the public defender. Plaintiff expressed his belief that he was once on the list and later removed "without notice and in violation of Movant's federal constitutional rights to equal protection of the law and Movant's federal constitutional rights to due process." He further stated that, even if he had never been on the list, he was qualified and desired to be included.

Perhaps because of the constitutional claim, the court en banc voted on February 18, 1976 to docket the request as a civil rights action. It was filed in the Southern District and assigned to The Honorable William R. Collinson, United States District Judge. Judge Collinson designated Magistrate Hamilton and former Magistrate Dennis J. Stewart as defendants.

In response to defendants' motion the action was dismissed. Judge Collinson concluded "that the petitioner has no enforceable legal right to have his name placed on the list of attorneys . . . ." Plaintiff then asked the court to set aside the dismissal and allow him to amend his "complaint." The motion was granted and, because of the addition of the judges and clerk of the court as defendants, the matter was transferred to the undersigned.

The amended complaint basically makes three claims: (1) Plaintiff has been denied due process and equal protection of the law; (2) He has been disciplined in violation of Local Rule 1(e); and (3) The statements of Judge Becker and Judge Hunter to the F.B.I. and other judges "slandered" plaintiff.

The primary problem in reviewing plaintiff's complaint is in finding jurisdiction. Plaintiff does not suggest a source of jurisdiction either in his complaint or in his response to defendants' motion for summary judgment. This is perhaps understandable in light of the fact that plaintiff did not initiate this proceeding as an attempt to invoke the Court's jurisdiction. He merely made a request for administrative action by the court en banc. However, this does not alleviate the problem.

■ The Court can frankly find no statutory basis of jurisdiction. It could be argued that there is a direct right of action under the Fifth Amendment to the United States Constitution and 28 U.S.C. § 1331.[2] *Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Owen v. City of Independence,* 560 F.2d 925 (8th Cir. 1977). Assuming such a right of action plaintiff must still demonstrate that he was once on the appointments list and held a federally protected property interest in that status. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). He has shown neither.

■ An analysis of the Criminal Justice Act compels this Court to agree with Judge Collinson that the appointment of counsel is a purely administrative function. The Act is obviously directed at securing representation for indigents and is not intended as a full employment bill for attorneys. Although it appears that plaintiff was never on the list, the Court holds that plaintiff would have had no federally protected property interest in remaining on the list. Thus, he has not stated a due process claim that rises to a constitutional dimension sufficient to give the Court jurisdiction.

■ The same jurisdictional defect applies to plaintiff's claim that he was "disciplined" by the court and "slandered."[3] However, it should be noted that because plaintiff was never on the list it is difficult to characterize the actions of defendants or the Judicial Council as "disciplinary". Thus, these claims fail as well. In conclusion, plaintiff has not demonstrated to the Court that it has the power to decide this controversy or that he has a legal right to be on an appointments list. Accordingly, the action will be dismissed for lack of jurisdiction.

2. The Fifth Amendment is the basis for plaintiff's due process claim. His equal protection claim is apparently founded on the Fourteenth Amendment, which by its terms is limited to the several states.

3. To the extent the complaint could be construed to seek damages for "slander", it is

barred by the doctrine of judicial immunity. *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335 20 L.Ed. 646 (1871). With regard to the argument made by defendants about the applicability of the Federal Tort Claims Act see *United States v. LePatourel,* 571 F.2d 405 (8th Cir. 1978).