Costs of bringing this action are awarded to plaintiffs.

Viola A. TOMALEWSKI

v.

UNITED STATES of America.

Civ. A. No. 79–114–k.

United States District Court,
W. D. Pennsylvania.

April 18, 1980.

Rodney G. Hoffman, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM

WILLSON, Senior District Judge.

Plaintiff sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* She contends that the United States is subject to liability under that statute for the negligent acts or omissions of the Clerk of this Court acting within the scope of his duties as Clerk of Court.

The case came on for a non-jury trial. No witnesses were called. The evidence which was introduced was either admitted to in the Court records or stipulated to at trial. A brief summary of those facts follow.

In an interpleader action at Civil Action No. 72–582, plaintiff was one of. the two parties who claimed the proceeds of a life insurance policy with a face value of $15,-000.00 issued by State Farm Insurance Company on the life of one Paul Joseph Tomalewski. In a pro forma order dated February 7, 1973, Judge Dumbauld of this Court granted the petition of State Farm to pay the proceeds of this policy into the Registry of the Court pending a final determination as to entitlement to this fund. That order further directed:

"2. That Bernhard Schaffler be instructed to invest said proceeds in a Savings & Loan Bank or Savings Bank of his choice.

"3. That whichever parties claim to the proceeds of the policy is upheld by the Court shall receive said proceeds of the policy and any interest accumulating thereon."

Either by neglect or inadvertence, Clerk Schaffler did not follow Judge Dumbauld's order with respect to investing the proceeds of the fund ($16,000.91) in an interest bearing account, but instead followed his normal procedure, as outlined in Rule 67 and 28 U.S.C. § 2041, and placed the money on deposit with the Federal Reserve Bank, where it drew no interest.

Following the jury verdict in the interpleader action, on March 19, 1976, Judge Dumbauld issued a disbursement order in plaintiff's favor for the amount of the fund, together with such interest on said amount as has been earned, or should have been earned, since May 4, 1973. An appeal was taken, but this decision was affirmed by the Court of Appeals on February 17, 1978.

In the meantime, Jack L. Wagner succeeded Bernhard Schaffler as Clerk. When his attention was called to the oversight or neglect of the Clerk Schaffler, he had the fund withdrawn from the Federal Reserve and put into an interest bearing account at First Federal Savings & Loan of Pittsburgh on July 12, 1977. When the fund was disbursed to plaintiff on May 5, 1978, plaintiff received earned interest on this account in the amount of $705.78. In this action plaintiff is claiming $4,224.57, which is alleged to be the additional amount of interest which would have been earned had the Clerk invested the fund as directed by Judge Dumbauld.

Clerks of this Court are appointed by the Court pursuant to 28 U.S.C. § 751. With respect to the handling of registry funds the present and long standing rule has been that unless a judge orders otherwise, the Clerk of Court is directed to deposit all registry funds with the Treasurer of the United States pursuant to 31 U.S.C. § 725v. It is apparent from the Clerk's records in this case that Judge Dumbauld's order as to investing the money was overlooked by the Clerk. In my view, whether his failure to follow the order arose by negligence or mere inadvertence is of no consequence. The Clerk's procedure with respect to handling registry funds is outlined in Rule 67 and is mandated in 28 U.S.C. § 2041 and 31 U.S.C. § 725v. The judge's order was in general terms. He did not order a designated depository as required in 2041, but in my view this lack of preciseness is likewise of no consequence in the disposition of this case.

The precise issue for decision is whether a Clerk of this Court in performing or not performing his duties as directed by the judges subjects the United States to liability under the Federal Tort Claims Act.

Part of the record in this case is the denial of plaintiff's claim under the statute as presented to the Administrative Office of the United States Courts. The Director on December 19, 1978, denied her claim which had been submitted according to the regulations. In his denial the Director cited several Court decisions in support of his refusal to accept plaintiff's claim. For instance, he mentioned that there was no breach of duty on the part of the Clerk with respect to plaintiff in this case. He cited the general proposition as mentioned in *United States v. Minnesota Mutual Co.*, 271 U.S. 212, 46 S.Ct. 501, 70 L.Ed. 911 (1926), that monies paid in Court do not create a contract to pay interest to the owner of the fund. The Director also cited the decision that interest is not recoverable in a disputed fund which is deposited in the Court for the time during which the fund remains so deposited.

But, this Court decides this case on the authority announced by Judge Sirica in *Foster v. Bork*, decided January 25, 1977, 425 F.Supp. 1318. In the cited case the Clerk of the Supreme Court and his assistants were sued for dereliction of their duties. The claim was that the court officials had conspired against a certain claimant. In reviewing whether the Federal Tort Claims Act applied, he said in part:

"The Federal Tort Claims Act operates as a waiver of sovereign immunity with respect to *certain* actions taken by *certain* employees of the federal government. By its terms, the Act waives immunity for a limited range of wrongful acts on the part of employees of 'federal agenc[ies].' 28 U.S.C. § 2671. The Act defines 'federal agenc[ies]' as the 'executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States.' Nowhere in this definition is there the suggestion that divisions of the Judicial Branch of Government are susceptible to designation as 'federal agenc[ies].' That being so, it follows that employees of the Supreme Court, such as those named as defendants here, are not amenable to suit under the Federal Tort Claims Act. Accordingly, the motion to dismiss the instant action as to the Clerk of the Supreme Court and his assistant clerks must be granted." *Id.* at 1319–20.

See also *Cromelin v. United States*, 177 F.2d 275 (5th Cir. 1949). The two decisions of the Court of Appeals of the Eighth Circuit in the *LePatourel* cases, 571 F.2d 405 (1978) and 593 F.2d 827 (1979), have not been overlooked, but those decisions do not control the instant issue. The judge there was not acting in his official capacity as such.

It is believed unnecessary in this case to review the doctrine of separation of powers of the branches of government under the Constitution. It is sufficient to say that the judges of this Court and their Clerks are under the Judicial Branch of Government pursuant to Article III of the Constitution and are not employees of the United States as defined in the Federal Tort Claims Act.

The foregoing comprise the findings of fact and conclusions of law as required under Rule 41 and a judgment order follows.