**Edward M. SELLERS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. Nos. 86–3109, 86–3140.

United States District Court, D. Idaho.

Nov. 4, 1987.

Paul L. Westberg, Westberg & McCabe, Boise, Idaho, for plaintiffs.

Maurice O. Ellsworth, U.S. Atty., Jeffery W. Ring, Warren Derbidge, Asst. U.S. Attys., Boise, Idaho, for defendant.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

This suit is brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* On or about September 19, 1984, Plaintiff Edward M. Sellers was riding his bicycle in Moscow, Idaho. One Gary L. McGraw, who was driving an automobile at the time, struck Sellers, causing severe injuries. McGraw had been summoned for jury duty in federal district court in Mos-

cow,[1] and he was on his way to the courthouse when he struck Sellers. Both before and after the date of the accident in question, McGraw had been impaneled on federal juries. However, on the date of the accident, he was called, but not impaneled. Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) provided uninsured motorist coverage for Plaintiff Sellers. State Farm asserts a subrogated claim for damages against the United States arising out of the September 19, 1984, accident. Since the causes of action and factual allegations in the Complaints of Sellers and State Farm were identical, the two Complaints were consolidated.

The government moved to dismiss the case for failure to state a claim on which relief could be granted, since, it was argued, a juror in federal court is not an "employee" of the federal government for purposes of the FTCA. Neither the Complaint nor the Answer in this case allege that McGraw was summoned as a juror. The Complaint merely states that McGraw was a federal employee, and the Answer denies this. The fact that McGraw had been summoned as a juror is introduced into the record through an answer to one of defendant's interrogatories. Since a fact, albeit an undisputed one, outside of the pleadings was relied upon in defendant's Motion to Dismiss, under Rule 12(b) of the Federal Rules of Civil Procedure, this court ordered on October 14, 1987, that defendant's motion would have to be viewed as a motion for summary judgment. Plaintiffs then filed a cross-motion for partial summary judgment, asking this court to rule that McGraw was a federal employee at the time of the accident in question. On the pending cross-motions, the sole issue raised by either party is whether a person summoned for jury duty is an "employee" as that term is defined for purposes of the FTCA, 28 U.S.C. § 2671.

The FTCA defines the term "employee" as follows:

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

28 U.S.C.S. § 2671 (Law.Co-op.1977 & Supp.1987). Unfortunately, this statute does little toward deciding the issue in this case. However, the statute does state two things that are not relevant. The government argues that both the manner in which jurors are compensated and the fact that jurors are not employed on a full-time or continuing basis require a holding that a prospective juror is not an employee. At common law, the government's arguments would be relevant. Restatement (Second) of Agency § 220 (1958). However, 28 U.S.C. § 2671 explicitly states that the manner of compensation—or whether any compensation is received at all—and the term of employment are irrelevant to a person's status as a federal employee under the FTCA.

The next place to look for authority is to case law construing the FTCA. The first thing the court notes is that the rule in this circuit is that whether a person is an employee under the FTCA is a matter of federal law. *Brandes v. United States*, 783 F.2d 895, 896 (9th Cir.1986). It appears that the question of a juror's status as a federal employee is a novel question. Neither the court nor the parties have found any federal case law ruling on the issue.

This is not to say that the parties have not called to the court's attention other federal authority which sheds light on the issue. The first line of argument used by the parties analogizes a juror's position to that of a federal judge. The parties then ask this court to consider various cases

---

1. This judge presided at the proceeding for which McGraw had been summoned. However, this judge does not consider it necessary to recuse himself. Also, counsel for all parties stated at the argument on the pending cross-motions that there were no objections to this judge hearing the case at bar.

that have ruled on the issue of whether a federal judge is an employee under the FTCA.

The government relies primarily on *Foster v. MacBride*, 521 F.2d 1304 (9th Cir. 1975). In *Foster*, the court held that the district judge could not be personally liable for making an allegedly incorrect ruling, based on the long-standing doctrine of judicial immunity. The court further ruled that the government could not be vicariously liable under the FTCA since "a federal district judge in trying cases is a member of the independent judiciary," and thus he is not an "employee." *Id.* at 1305. The government argues that this reasoning also applies to jurors, who must also be independent of government control in order to carry out their duties impartially. The government's counsel calls to mind the Star Chamber, where a juror who ruled against the Crown in a case would be punished for insubordination, as the Crown was the juror's employer. Of course, it is crucial to the independence of the jury that jurors cannot be held liable for allegedly incorrect decisions they might render. This principle is embodied in our Constitution, which states that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." United States Constitution, Amendment VII.

However, as plaintiffs point out, in the case at bar no one is seeking to hold a juror liable or the government vicariously liable through that juror for any decision rendered by the juror. Rather, plaintiffs seek to base liability on the alleged negligence of a juror while driving to the courthouse. Plaintiffs rely on *United States v. LePatourel*, 571 F.2d 405 (8th Cir.1978). In *LePatourel*, a federal district judge negligently caused an automobile accident while he was driving his car on official business receiving both mileage and a per diem allowance. The Eighth Circuit distinguished *LePatourel* from *Foster* and similar cases on the ground that in *Foster* the government was sued for a judge's actions in a judicial capacity, that is, allegedly incorrect rulings made by the judge, while the judge in *LePatourel* was acting in a non-judicial capacity. *Id.* at 410. The court noted that holding the government liable for allegedly negligent acts of a judge behind the wheel hardly impinges upon that judge's independence on the bench.[2]

The government correctly points out that *LePatourel*, as an Eighth Circuit opinion, is not binding upon this court. Nonetheless, the court agrees with the holding of *LePatourel* that a federal judge driving on official business is an employee under the FTCA. The court can also see no problem in extending *LePatourel* to cover other full-time officers of the court, such as deputy clerks and law clerks. Also, the court is not persuaded that holding the government vicariously liable for the negligent driving for a juror on his way to the courthouse would inevitably return us to the days of the Star Chamber. Still, the court finds the government's argument persuasive. The fundamental importance of the jury in this nation is the principle that parties are to be tried, not by government functionaries, but by their fellow citizens. In light of this important principle, this court is wary of holding that a juror or prospective juror is a government employee for any purpose. At the very least, this court would hold that a juror is not an employee of the government for purposes of a given statute unless that statute specifically so provides.

It appears that Congress is in agreement with this principle. The government has called the court's attention to the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.* Like the FTCA, the FECA defines the term "employee." This definition reads, in part:

(1) "employee" means—

    (A) a civil officer or employee in any branch of the Government of the United States, including an officer or em-

---

**2.** In *LePatourel*, applying the FTCA to the federal district judge actually served to bar government liability since the ultimate issue in *LePa-* *tourel* was whether the statute of limitations of the FTCA applied.

ployee of an instrumentality wholly owned by the United States;

(B) an individual rendering personal service to the United States similar to the service of a civil officer or employee of the United States, without pay or for nominal pay, when a statute authorizes the acceptance or use of the service, or authorizes payment of travel or other expenses of the individual....

5 U.S.C.S. § 8101 (Law.Co-op.1987). This definition of "employee" is as broad, if not broader, than the definition of "employee" in the FTCA. Nonetheless, the definition of "employee" in the FECA, in addition to the provisions set out above, specifically includes "an individual selected pursuant to chapter 121 of title 28, United States Code, and serving as a petit or grand juror." 5 U.S.C.S. § 8101(1)(F) (Law.Co-op 1987). This leads the court to conclude that where Congress has intended the term "employee" to include jurors, Congress has specifically so stated. Since the FTCA definition does not include jurors, the term should be interpreted to exclude jurors.

Plaintiffs have attempted to argue that the definition of "employee" in the FECA actually works in their favor. Plaintiffs have pointed out to this court that 5 U.S.C. § 8101(1)(F) can be read to exclude merely prospective jurors from the definition of "employee." From this, plaintiffs urge that this court adopt a rule that the term "employee" in this statute should be construed to include jurors so long as they are not specifically excluded. This argument is not supported by the text of 5 U.S.C. § 8101(1)(F). If Congress had intended for plaintiffs' rule to be the applicable rule of statutory construction, all that would have been necessary in 5 U.S.C. § 8101(1)(F) would be language excluding prospective jurors. Plaintiffs' argument is also undermined by the fact that 5 U.S.C. § 8101(1)(F) is written in terms of being an addition to the general definition of "employee" in the FECA, and the subsection contains no terms implying exclusion.

The court has located one case from the California state court system which is on point. In *Castro v. State of California,* 70 Cal.App.3d 156, 138 Cal.Rptr. 572 (1977), the court held that a state and county would not be vicariously liable for the negligence of a prospective juror who was involved in a traffic accident on his way to a courthouse. One ground for the court's holding was that the juror was not an employee of the state or county for purposes of the California statute governing tort claims against governmental bodies. The court noted that employment normally is a voluntary relationship. *Id.* 138 Cal. Rptr. at 574. A prospective juror, however, has little choice in his selection. Prospective jurors are drawn at random from qualified members of the community, and can be cited for contempt if they do not appear when summoned. *Id.* Plaintiffs argue that the fact that McGraw could have been cited for contempt for not appearing in court supports their argument that McGraw was a government employee. Like the California court, the fact that McGraw could have been cited for contempt leads this court to reach the opposite conclusion from that reached by plaintiffs. When an employee fails to come to work, the employer can discipline him in a variety of ways, fire him, or sue the employee for damages for breaching the employment agreement. However, the normal employer cannot compel the presence of an employee by use of the contempt power. *See* 81 C.J.S. *Specific Performance* § 96 (1977) (personal service contracts generally not specifically enforceable).

The *Castro* court's reasoning can be taken one step further. In a normal employment relationship, not only does the employee have some choice in accepting a position, the employer exercises a great deal of choice in picking employees. This exercise of choice by the employer is important in determining whether vicarious liability exists, which is the ultimate issue in this case. Dean Prosser points out that one of the policies behind respondeat superior is to encourage employers to take care in selecting employees. W. Prosser, *Hand-*

**450**

book of *Law of Torts* 459 (1971).[3] Since prospective jurors are drawn at random from eligible community members, the government has very little choice in who will be selected. At the hearing on the pending cross-motions, plaintiffs' counsel responded to this line of argument by stating that federal judges, such as the one in *LePatourel,* are not selected on the basis of their driving ability. While this is true, it is also true that in the course of the nomination process a great deal is discovered about the personality and temperament of the prospective judge, including whether that prospective judge is in general a responsible person. In the case of a prospective juror, the government cannot even exercise that degree of selectivity. This court concludes that since the government has very little choice in who will be summoned as prospective jurors, holding the government vicariously liable for the negligence of prospective jurors would not further the policies of respondeat superior.

For the reasons set forth above, this court holds that for purposes of the FTCA, a prospective juror in federal court is not an employee of the federal government. Since McGraw was not a federal employee at the time of the accident which is the subject of the instant suit, the government cannot be vicariously liable for injuries resulting from that accident.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendant's motion for summary judgment should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment should be, and is hereby, DENIED.

---

**3.** Prosser calls this a "makeweight" argument, but the court does not believe it should be dismissed so lightly.