**UNITED STATES of America, Appellant,**

v.

**Edward LePATOUREL and Valerie LePatourel, Appellees.**

**No. 77–1306.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1979.

Decided March 12, 1979.

Frank A. Rosenfeld and William Kanter, Attys., Appellate Staff, Civil Div., Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., and Edward G. Warin, U. S. Atty., Omaha, Neb, on brief, for appellant.

Thomas J. Culhane, of Erickson, Sederstrom, Leigh, Johnson, Koukol & Fortune, Omaha, Neb., on briefs, for appellees.

Before GIBSON, Chief Judge, and HEANEY, BRIGHT, STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

HENLEY, Circuit Judge.

This case was originally heard by a panel[1] of this court which held that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80, applies to a federal judge performing an official, but nonjudicial, function. Under that decision the appellants, Edward and Valerie LePatourel, were time-barred from suing United States District Judge Robert V. Denney in tort for injuries they received in a three-car accident which involved the Judge. The accident had occurred when the Judge's car was hit from behind and pushed forward into the LePatourel vehicle. Judge Denney was travelling on official business at the time of this accident and was thus covered by the FTCA, but the LePatourels had failed to file an administrative claim as required by the Act's two year statute of limitations. 28 U.S.C. §§ 2401(b), 2675. Consequently, the panel directed that judgment be entered dismissing the LePatourels' claim. *United States v. LePatourel,* 571 F.2d 405 (8th Cir. 1978).

The LePatourels subsequently filed a petition for rehearing *en banc* asking that the panel's decision be applied prospectively only so as to allow them to now file a claim against Judge Denney under the FTCA. We declined to consider that request on the record then before us but remanded the cause to the district court with directions to hold a plenary evidentiary hearing concerning all events surrounding the automobile collision forming the premise for the LePatourels' claim for relief. In particular, we asked the district court to determine why the LePatourels had failed to process their claim administratively within the prescribed period of time. Pending further action in the district court, we retained jurisdiction of the appeal. *United States v. LePatourel,* 571 F.2d 405 (8th Cir. 1978).

---

1. The panel was composed of Senior Circuit Judge Matthes, Circuit Judge Stephenson and District Judge Wangelin, with Judge Matthes writing for the court. Judge Stephenson is the only panel member participating in this rehearing *en banc.*

The district court[2] has complied with our requests by filing a memorandum opinion which includes its findings of fact and conclusions of law. We proceed to a final disposition of this appeal and adopt the district court's reasoning that the LePatourels should be allowed to file an administrative claim.

In May of 1972 Valerie LePatourel was seriously injured in a three-car accident on a Nebraska interstate highway. Ms. LePatourel had reduced the speed of her vehicle in obedience to the directions of a flagman and was struck from behind by Judge Denney, who had himself been hit just seconds before by an individual named Terry Ringling. This chain-reaction collision rendered Ms. LePatourel unconscious for a lengthy period of time and caused head injuries requiring several weeks of intensive care hospitalization. Ms. LePatourel has little memory of the accident and has been slow to recover. Her husband has shouldered the task of seeking recovery for her injuries and for his loss of consortium.

Mr. LePatourel became aware of the nature of Judge Denney's employment on the day of the accident. The Judge was driving between court points in an outlying division when the accident occurred and was accompanied by his secretary and law clerk. And, as the district court concluded, the presence of the Judge's staff should have indicated to LePatourel that Judge Denney was on official business.

Some two weeks after the accident LePatourel retained Joseph Leahy, an Omaha, Nebraska attorney, to represent him and his wife. Leahy obtained a $10,000.00 settlement from Ringling's insurance carrier; but Judge Denney's insurance carrier refused to settle, asserting the Judge was driving under control and at a slow rate of speed at the time of the accident and that he was thus in no way responsible for Ms. LePatourel's injuries. Leahy came to share this assessment after discussing the case with John Miller, another Omaha attorney. Leahy then informed Mr. LePatourel that in his view there was no actionable negligence on Judge Denney's part. It is noteworthy that Leahy was unfamiliar with the FTCA and failed to consider that Judge Denney might be covered by its provisions. His lack of concern about FTCA coverage undoubtedly was caused in part by his conclusion that Judge Denney was simply not liable in tort. In any event, Leahy never mentioned the potential applicability of the FTCA to Mr. LePatourel.

Mr. LePatourel was unsatisfied with Leahy's representation and began to seek opinions from other Omaha attorneys. He first contacted Marvin Schmid, the attorney for the hotel at which he worked. Schmid opined that Leahy's conclusion concerning Judge Denney's potential liability was premature in the absence of witness statements. But Schmid did not mention the FTCA or its administrative claim requirements and did not agree to represent the LePatourels. Shortly thereafter LePatourel contacted Robert O'Connor, the attorney for his wife's doctor. O'Connor refused to handle the case because he frequently practiced before Judge Denney. He also made no mention of the FTCA issue. But he did refer LePatourel to James Pratt, an Iowa attorney, who agreed to represent the LePatourels. LePatourel then discharged Leahy and employed Pratt.

Pratt began work on the case in February of 1973 but proceeded at a slow pace. He apparently had some difficulty in conducting his investigation and in finding local Nebraska counsel willing to assist in a suit against a Nebraska federal district judge. In addition, he was operating under the assumption that the Nebraska four year statute of limitations on tort actions was applicable. By June of 1974 Pratt was ready to file suit in Nebraska state court and notified Judge Denney by letter of the impending suit against him. This brought a response from Mr. Schaphorst, the United States Attorney for the District of Nebraska, who stated his opinion that the LePatourels' claims were covered by the FTCA

2. The United States District Court for the District of Nebraska, Senior District Judge William

C. Hanson, Southern District of Iowa, sitting by designation.

and were time-barred by the Act's two year statute of limitations.

Pratt knew of the FTCA but had never considered the Act's applicability to the LePatourels' claims. He was unaware that Judge Denney was travelling on official business at the time of the accident. He did not know the Judge's specific destination or that the Judge was receiving per diem and mileage allowances for the trip. And while Pratt knew of the presence of Judge Denney's secretary in the car, he was unaware that the Judge's law clerk was also a passenger. More importantly, Pratt assumed that a federal judge was not a "government employee" within the meaning of the Act and later testified, in retrospect, that he would have been unsure of the proper place to file the administrative claim had he known of the Act's applicability.[3]

In light of his conversation with Schaphorst Pratt researched the FTCA issue but concluded that the Act did not apply to a federal judge. He did not notify the LePatourels of Schaphorst's assertion but instead continued to consider prospective litigation in state court. After a dispute over fees arose with Mr. LePatourel, Pratt eventually withdrew from the case without having filed suit. The LePatourels then retained their present counsel, Mr. Culhane, who was the first person to discuss with them the potential applicability of the FTCA to their claims. Culhane filed the LePatourels' suit in Nebraska state court in April of 1976, shortly before the four year state statute of limitations had run. The case was removed to federal district court shortly thereafter.

■ Based upon this evidence the district court found the LePatourels "were completely unaware of the potential applicability of the FTCA, much less the administrative claim requirement, until advised by present counsel long after the two year period had run." This lack of awareness was partly caused by the threshold factual conclusions drawn by the LePatourels' two principal attorneys, Leahy and Pratt. Lea-

hy concluded Judge Denney was not negligent, and Pratt believed the Judge was not acting within the scope of his employment. Yet the district court found that the primary reason the LePatourels failed to timely file an administrative claim was because "neither they, nor their attorneys, were aware that the FTCA and its mandated administrative procedure afforded the only avenue of relief." Further, the court stressed that the LePatourels were diligent in pursuing their claims, seeking counsel from at least five different attorneys over a four year period. We believe the district court's findings are supported by the record of the evidentiary hearing held on remand. And with the benefit of these findings, we now turn to the issue of whether our determination that the FTCA applies to federal judges should be applied prospectively only.

■ The FTCA provides that tort claims against the United States shall be barred unless "presented in writing to the appropriate Federal Agency within two years after such claim *accrues*." 28 U.S.C. § 2401(b). The LePatourels do not argue they should be exempt from this limitations period but rather that the precedent setting nature of our panel decision was such that their claims did not accrue until the date of that decision. We have stated that when a particular claim "accrues" within the meaning of the FTCA is a question of federal law which must be determined by the court in light of the surrounding circumstances. *Hulver v. United States,* 562 F.2d 1132 (8th Cir. 1977); *Reilly v. United States,* 513 F.2d 147 (8th Cir. 1975). And based upon the findings of the district court, we determine that the LePatourels should not have reasonably foreseen our decision that federal judges acting in their official, but nonjudicial, function are subject to the provisions of the FTCA. Since the LePatourels had no reasonable probability of successfully prosecuting a FTCA claim against Judge Denney prior to our decision, their claim accrued when we clarified that right through our construction of the Act. *See,*

---

**3.** Tort claims for alleged negligence of a federal judge should be filed with the Administrative

Office of the United States Courts. *United States v. LePatourel, supra,* 571 F.2d at 410.

*e. g., Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* 392 U.S. 481, 496–99, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968); *Neely v. United States,* 546 F.2d 1059, 1068 (3d Cir. 1976); *United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353, 1358 (5th Cir. 1972).

■ In reaching this conclusion, we receive guidance from the Supreme Court's decision in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). There the Court established guidelines for determining when courts should refrain from the normal procedure of giving retroactive application to the principles of law established in a given case.

In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, *or by deciding an issue of first impression whose resolution was not clearly foreshadowed.* Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we [must weigh] the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." (Emphasis added, citations omitted.)

*Chevron Oil Co. v. Huson, supra,* 404 U.S. at 106–08, 92 S.Ct. at 355. *See also Cipriano v. City of Houma,* 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969), and cases cited therein. A consideration of these three factors in light of the circumstances of this case indicates that we should not apply our panel decision retroactively so as to bar the LePatourels from now filing an administrative claim.

In applying the first prong of the tripart *Chevron Oil* test, we note initially that our decision holding federal judges within the coverage of the FTCA did not overrule clear past precedent of this court. Instead, it was a matter of first impression whose resolution was not clearly foreshadowed. As the district court observed, prior to our panel decision in January of 1978 the LePatourels had substantial reason to believe federal judges were not FTCA employees. The Ninth and Fifth Circuits had indicated in dictum that the judiciary was not covered by the FTCA.[4] *Foster v. MacBride,* 521 F.2d 1304, 1305 (9th Cir. 1975); *Cromelin v. United States,* 177 F.2d 275, 277 (5th Cir. 1949), *cert. denied,* 339 U.S. 944, 70 S.Ct. 790, 94 L.Ed. 1359 (1950). And two district courts, one of which was the court below, had held to that effect. *LePatourel v. United States,* 430 F.Supp. 956 (D.Neb. 1977); *Foster v. Bork,* 425 F.Supp. 1318 (D.D.C.1977). Conversely, the government has cited us to no case prior to our panel decision which should have alerted the LePatourels that judges might be covered by the Act. After having considered these factors, we do not believe that our decision, which was based less upon precedent than upon our independent analysis of the language, history and purposes of the FTCA, should have been foreseen by the LePatourels.

The second prong of *Chevron Oil* requires that we determine whether prospective application will further the purposes of and the interests protected by our decision. In holding the FTCA applicable to judges we stressed the compensatory purposes of the Act. Congress, in waiving the sovereign immunity of the United States, intended that tort victims be compensated for injuries caused by the negligence of government employees. *United States v. LePatourel, supra,* 571 F.2d at 407–08. Granting the LePatourels leave to file an administrative claim will further this purpose of the Act. Section 2401(b) of the FTCA, how-

---

4. Our panel opinion distinguished the Ninth and Fifth Circuit cases because they involved

judges acting in a judicial capacity. *United States v. LePatourel, supra,* 571 F.2d at 410.

ever, establishes a two year statute of limitations on the filing of such claims. Ostensibly, this requirement was intended to protect the United States against stale claims and a decision in favor of prospective application could potentially conflict with that purpose. We have considered this problem and agree with the district court that the class of claimants similarly situated with the LePatourels cannot be so large as to threaten the interests protected by § 2401(b). And while it is true that six years have passed since the date of Ms. LePatourel's accident, there is no evidence that this lapse of time has significantly prejudiced the ability of the government to defend. In fact, the district court noted that many of the key witnesses to the accident still reside in Omaha.

Our final inquiry is whether retroactive application of our panel decision would produce "substantial inequitable results" in this case. The district court considered this question and concluded that

> it would be profoundly unfair to these plaintiffs not to allow them to proceed under the FTCA. To hold that they now are barred from pursing an FTCA claim would punish the LePatourels for the failure of their attorneys to perceive a novel question of federal law and to protect against the chance of FTCA applicability by filing an administrative claim. The question of coverage of federal judges by the FTCA is a difficult one which during the relevant time was both unsettled and untouched. The fact that apparently none of the attorneys consulted on the case recognized the issue suggests that it would not have been evident to many practicing attorneys.

We agree. The record indicates that the LePatourels did not sleep on their rights but diligently sought to recover for their injuries. They should not be penalized for their failure to predict what Mr. Justice White has described as "an avulsive change which caused the current of the law to thereafter flow between new banks." *Hanover Shoe, Inc. v. United Shoe Machinery Corp., supra,* 392 U.S. at 499, 88 S.Ct. at 2234.

In sum, we determine that the *Chevron Oil* test for prospectivity has been satisfied in this case and hold that the LePatourels' claims accrued on the date of our panel decision, March 20, 1978. Pursuant to § 2401(b), the LePatourels have two years from that date within which to file their administrative claim. We express no opinion on the merits of the LePatourels' claims.

The panel opinion of this court is modified to the extent indicated in this opinion.