David M. WOLLMAN, Appellant,

v.

Jake GROSS, Jr., Appellee.

No. 80–1204.

United States Court of Appeals,
Eighth Circuit.

April 9, 1981.

N. Dean Nasser, Jr., Sioux Falls, S. D., for appellant.

Pamela L. Wood, Civ. Div., Dept. of Justice, Washington, D. C., for appellee.

ORDER

The petition for rehearing en banc, 637 F.2d 544 (8th Cir.) is denied by an equally divided vote.

LAY, Chief Judge, joined by BRIGHT, McMILLIAN and ARNOLD, Circuit Judges, vote for rehearing en banc.

LAY, Chief Judge, dissenting with whom BRIGHT, McMILLIAN and ARNOLD, Circuit Judges, join.

The facts of this case amply demonstrate that a gross injustice has resulted from the court's rigid application of the statute of limitations under the Federal Tort Claims Act. As Judge Adams points out in his dissent to the panel opinion, Congress could not have intended the result now endorsed by four judges of this court. Wollman, injured in a car accident by Gross, diligently pursued his claim with Gross' insurer, which immediately reimbursed Wollman for damages to his car. Wollman then filed suit for his personal injuries well within the time of the three year state statute of limitations. Neither Wollman nor Gross knew that Wollman's exclusive remedy was against the United States. Wollman was never informed that Gross was acting within the scope of his governmental duties at the time of the accident. Wollman was literally lulled into a sense of false security by Gross and his insurer who negotiated his claim with him, perhaps in good faith, for over two years.

Gross and his insurer, not Wollman, were the ones who slept on their rights. Gross and his insurer did not report the accident to the Government or deliver Wollman's claim to the Government as required by 28 U.S.C. § 2679(c) and 28 C.F.R. § 15.1.[1] Wollman did not learn of the Government's interest in his suit until Gross filed an amended answer on February 21, 1979, asserting his status as a Government employee.[2]

We should hear this case en banc for at least two reasons. First, we should recon-

1. 28 C.F.R. § 15.1(a) provides in part:
   (a) Any Federal employee against whom a civil action or proceeding is brought for damages to property, or for personal injury or death, on account of the employee's operation of a motor vehicle in the scope of his office or employment with the Federal Government ... *shall promptly deliver all process and pleadings served upon the employee*, or an attested true copy thereof, to the employee's immediate superior or to whoever is designated by the head of the employee's department or agency to receive such papers. If the action is brought against an employee's estate this procedure shall apply to the employee's personal representative. In addition, upon the employee's receipt of such process or pleadings, or any prior information regarding the commence-

ment of such a civil action or proceeding, he shall immediately so advise his superior or the designee thereof by telephone or telegraph. The superior or designee shall furnish the United States Attorney for the district embracing the place wherein the action or proceeding is brought and the Chief of the Torts Section, Civil Division, Department of Justice, information concerning the commencement of such action or proceeding, and copies of all process and pleadings therein. (Emphasis added.)

2. Gross' insurer might have been required to pay for Wollman's injuries if Wollman had timely pursued his exclusive federal remedy against the United States, and, subsequently, the United States sought indemnity from the insurer. *See Southern Farm Bureau Cas. Ins.*

sider *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970), and its progeny in light of *Kelley v. United States*, 568 F.2d 259 (2d Cir. 1978), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). I sense that the analysis in *Kelley* demonstrates that *Meeker* (an opinion in which I participated) was wrongly decided. The filing of the suit against the individual employee in state court should satisfy the exhaustion requirement under the F.T.C.A.[3] As the Second Circuit so cogently observed:

> The [*Meeker*] court reasoned that subdivision (d) of Section 2679 effectuated the exclusive remedy purpose of subdivision (b) of the section by providing that upon the certification and removal of the suit against the employee to the federal court, the proceedings shall be "deemed a tort action brought against the United States under the provisions of this title and all references thereto." Again, the language relied on does not support the conclusion. It is far truer to the language to read it as implying that the removed case is to continue to judgment on the merits as a tort case against the United States subject to only one condition: that it is not found on pretrial motion that the employee was acting beyond the scope of his employment (*Carr v. United States*, 4th Cir. 1970, 422 F.2d 1007, 1010), in which event the case is remanded. Cases have held, too, that the commencement of an action against the employee cannot be treated as the equivalent of filing a claim against the United States. See *Best Bearings Co. v. United States*, 7th Cir. 1972, 463 F.2d 1177, 1179;

*Meeker v. United States, supra*, 435 F.2d at 1221; *Smith v. United States, supra*, 328 F.Supp. at 1226. But even if that were requisite in a case started against the federal employee in the state court, no persuasive reason for not considering the service of the complaint to be an adequate claim-making appears: Section 2679(e) and 28 C.F.R. § 15.1 assure the prompt presentation of the process and pleadings to appropriate officers of the Government, and if there is, as here, an occasional failure of transmission, it is not apparent that the consequence should be visited on the plaintiff.

*Kelley v. United States*, 568 F.2d at 267–68.

Second, the court en banc should reexamine the facts of this case in light of the legal principles set forth in *United States v. LePatourel*, 593 F.2d 827 (8th Cir. 1979), and *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). I cannot accept the distinction the panel makes of *LePatourel* from the facts existing here. *LePatourel* was commenced *after* the two year statute of limitations under the F.T.C.A. The plaintiff did not know that the driver (a United States District Judge) could be sued under the F.T.C.A. because our court had never so held. Yet the plaintiff as well as many of the lawyers he consulted knew the driver was returning to his home from duty when the accident occurred. Here the plaintiff did not know that the driver could be sued under the F.T.C.A. until February 1979, and as to the statute of limitations issue there is no compelling reason why we should not reach the same result as in *LePatourel*. Moreover, Judge Adams has sufficiently detailed how

*Co. v. United States*, 395 F.2d 176 (8th Cir. 1968).

In the name of protecting the United States against stale claims, the panel has reached a result the benefits of which inure primarily to private insurers. In cases where the insurer would not have to indemnify the United States for payments made to the victim, the insurer would almost always inform the claimant that the proper and exclusive remedy was against the United States. The claimant could then process a timely claim against the United States. The result in this case does not benefit

the United States to any great extent because in those cases where the insurer has a reason for lulling the claimant into sleeping on his or her rights the United States would probably be indemnified by the insurer for payments made to the victim. Regardless of whether or not the insurer intentionally misled Wollman, a gross injustice has resulted.

3. *See also* Judge Bright's concurring opinion in *Melo v. United States*, 505 F.2d 1026, 1030 (1974).

the principles of *Kubrick* are facially distinguishable from the facts here.

I raise one other question. It is the United States that has intervened in the state court, substituting itself in place of the individual employee. When it does so, at a date past the time of the statute of limitations, it seems that a realistic interpretation of subsections 2679(b) and (d) would require the Government to take the original suit as it finds it; the original suit should be deemed to have been initiated against the United States for purposes of determining whether it was brought within the proper statute of limitations. *Cf. Henderson v. United States*, 429 F.2d 588 (10th Cir. 1970); *Whistler v. United States*, 252 F.Supp. 913 (N.D.Ind.1966). A party may waive the statute of limitations. In this regard the United States, although not subject to the doctrine of estoppel, should not be treated any differently from any other party. If the Government voluntarily chooses to stand in the shoes of another, it should assume all rights and liabilities existing. If the employee had failed to report the lawsuit to the governmental agency under 28 C.F.R. § 15.1 and the suit had proceeded to judgment against the employee individually, there would have been no recourse by the employee against the Government. Under these circumstances the plaintiff could proceed for collection against the employee and his insurer. It is incongruous to hold that an employee who belatedly reports to the Government may totally prejudice an injured innocent party.

I do not attempt to resolve these questions. My concern is that this case presents a gross injustice and is much more deserving of en banc consideration than many cases which somehow reach our en banc docket. In any event, assuming no judicial relief is forthcoming, the statute as presently construed cries out for legislative amendment to obviate continuing unfairness to unknowing tort victims of the Government.