**GENERAL ELECTRIC CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 3–85–118.

United States District Court,
D. Minnesota,
Third Division.

July 18, 1985.

Howard J. Bergman, Faegre & Benson, Minneapolis, Minn., for plaintiff.

Mary Carlson, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

RENNER, District Judge.

This matter comes before the court on the motion of defendant to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), 12(b)(6) or in the alternative for an order granting summary judgment to the defendant pursuant to Fed.R.Civ.P. 56(b). Since matters outside the pleadings were considered, this court will treat this motion as a motion for summary judgment. Mary Carlson appears for defendant. Howard Bergman appears for plaintiff.

Stanley Green, a/k/a Stanley Greenberg, was employed by the U.S. Postal Service (USPS), Bulk Mail Center. He had been assigned to assist General Electric Co. with respect to its contract to perform maintenance and repair work on a high voltage electrical system which was owned and operated by USPS. On April 27, 1977 he sustained electrical burns while working on this equipment.

Green filed a claim for and received compensation pursuant to Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq. He also brought an action against General Electric in state court. Defendant received notice of this action from Greenberg or his attorneys not later than October 1978. That case was tried to a jury in January and February 1980. The jury returned a verdict finding Green 9 percent at fault, General Electric 21 percent at fault and the Bulk Mail Center 70 percent at fault. The jury found damages in the amount of $475,000.00; the trial judge properly reduced the award to $432,250.00. General Electric appealed the verdict to the Minnesota Supreme Court which affirmed. On May 14, 1981, General Electric paid the entire judgment.

On April 6, 1984 General Electric filed a claim for contribution from the USPS under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., 39 U.S.C. § 409. That claim was denied on December 11, 1984. General Electric commenced

this lawsuit on January 15, 1985. The government then filed this motion.

The basis of the government's motion is simple. Defendant asserts that presentment of a timely administrative claim is a jurisdictional prerequisite to suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and plaintiff failed to comply. 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues.

In an action against the United States for contribution, a claim accrues when the claimant pays the judgment upon which the cause of action for contribution is based. *United States v. Yellow Cab Co.,* 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951).

In this case, plaintiff paid the judgment upon which its claim for contribution is based on May 14, 1981. Plaintiff had until May 14, 1983 to present a timely administrative claim to the Postal Service. Plaintiff attempted to present a claim on April 6, 1984, almost 3 years after the cause of action accrued and almost a year after the two year time limitation had expired. Thus, according to the defendant, plaintiff's claim for contribution is time barred.[1]

In response to the government's position, General Electric contends that its claim accrued on February 23, 1983. On that date the Supreme Court held that the exclusive provision of the FECA did not directly bar a third party indemnity action against the federal government brought under the FTCA. *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). Prior to the *Lockheed* decision, General Electric had no reasonable probability of successfully prosecuting an FTCA claim for contribution against the United States. *See Thomas v. Lockheed Aircraft Corp.,* 665 F.2d 1330 (D.C.Cir.1981), *rev'd sub nom. Lockheed Aircraft Corp. v. United States,* 460

U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983); *Kudelka v. American Hoist & Derrick Co.,* 541 F.2d 651 (7th Cir.1976); *Galimi v. Jetco Inc.,* 514 F.2d 949 (2nd Cir. 1975); *Travelers Insurance Co. v. United States,* 493 F.2d 881 (3rd Cir.1974); *Newport Air Park, Inc. v. United States,* 419 F.2d 342 (1st Cir.1969); *Wien Alaska Airlines, Inc. v. United States,* 375 F.2d 736 (9th Cir.), *cert. denied,* 389 U.S. 940, 88 S.Ct. 288, 19 L.Ed.2d 291 (1967).

In decisions which pre-date *Lockheed,* the Eighth Circuit barred third party claims analogous to the claims barred in other jurisdictions by the FECA. *Maddux v. Cox,* 382 F.2d 119 (8th Cir.1967); *Stencel Aero Engineering Corp. v. United States,* 536 F.2d 765 (8th Cir.1976), *aff'd,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). Based on the reasoning and dicta in these two Eighth Circuit cases, the case law of other jurisdictions, and the government's own position that the FECA bars claims for contribution, General Electric argues that prior to the *Lockheed* decision it would have been futile for it to file its administrative claim before the time it ultimately did.

As to the issue of when the claim accrued, General Electric relies on the case on *United States v. LePatourel,* 593 F.2d 827 (8th Cir.1979). In *LePatourel,* the appellees were involved in an auto accident with a federal judge. They did not file a notice of their claim under the FTCA within two years as required by 28 U.S.C. §§ 2401(b), 2675. They did, however, file a lawsuit within the four year Nebraska statute of limitations. The Eighth Circuit panel which originally heard the appeal from that suit held that the FTCA applied to a federal judge performing an official, but non-judicial, function. It also held that LePatourel's claim was barred for failure to file within the two year limit. Upon rehearing *en banc,* the Eighth Circuit remanded to the district court to determine why the LePatourels failed to process their claim within the prescribed period of time.

---

1. The government also notes that the USPS is not a proper defendant to an action seeking contribution under the FTCA. The plaintiff does not dispute this. It amended its complaint, dropping the USPS as a defendant, and suing the United States instead.

Based upon the district court's findings, the Eighth Circuit held that the LePatourels could not have reasonably foreseen the Eighth Circuit's decision that federal judges acting in their official, but non-judicial, function are subject to the provisions of the FTCA. "Since the LePatourels had no reasonable probability of successfully prosecuting the FTCA claim against Judge Denny prior to our decision their claim accrued when we clarified that right through our construction of the Act." 593 F.2d at 830.

The court in *LePatourel* recognized that the issue of when a particular claim accrues within the meaning of the FTCA is a question of federal law. *Id.* The court relied on *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) for guidance in determining when courts should refrain from the normal procedure of giving retroactive application to the principles of law established in a given case. The Court in *Chevron Oil* wrote,

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we [must weigh] the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted).

In this case, General Electric asserts that an analysis of the first factor listed in *Chevron Oil* favors it. General Electric had no reasonable probability of successfully prosecuting its FTCA claim prior to the *Lockheed* decision which effectively overruled past precedent. The second prong of *Chevron Oil,* whether prospective application will further the purposes of the interests protected by the *Lockheed* decision, is a much closer question. This case involves the issue of contribution; the *Lockheed* case dealt only with the issue of indemnity. Courts often have distinguished indemnification from contribution. Further, the Eighth Circuit has stated that the FTCA is for compensatory purposes and that Congress, in waiving the sovereign immunity of the United States, intended that tort victims be compensated for injuries caused by the negligence of government employees. *United States v. LePatourel,* 571 F.2d 405 at 407–08 (8th Cir.1978). That purpose has been met, the tort victim in this case, Green, has been compensated.

The final *Chevron Oil* consideration is whether retroactive application of the *Lockheed* decision would produce "substantial inequitable results." General Electric contends that if *Lockheed* is not applied, unfairness will result because it has had to pay the entire judgment, even though the jury found the Postal Service 70 percent at fault. The government responds by noting that the finding of 70 percent fault has no bearing on this case, since the government has never defended itself in this matter. Moreover, the government argues that General Electric had ample time to join its claim for contribution either by impleading the United States in the state court proceedings or by filing an administrative claim and commencing an action for contribution under the FTCA within two years following the payment of the judgment. Moreover, the *Lockheed* decision was filed on February 23, 1983, several months before the two year statute of limitations for filing an administrative claim expired. General Electric had the opportunity to timely file its claim for contribution pursuant to the FTCA after the *Lockheed* decision was handed down. In conclusion, the court finds that retroactive application of

the *Lockheed* decision would produce "substantial inequitable results" to the government, particularly since General Electric had the time to litigate the issue of contribution before the regular statute of limitations had run.

This court recognizes that summary judgment should be granted only if "the moving party has established his right to a judgment with such clarity as to leave no room for controversy and the non-moving party is not entitled to recover under any discernible circumstances." *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364 (8th Cir.1983), *quoting, Butler v. MFA Life Insurance Co.*, 591 F.2d 448, 451 (8th Cir.1979). In this case, the facts are not in dispute and the court has determined as a matter of law that plaintiff's cause of action is time barred. Summary judgment, therefore, is an appropriate remedy.

Based upon the foregoing, the record, file, memoranda, and oral arguments of counsel, IT IS HEREBY ORDERED that defendant's motion for summary judgment be granted and plaintiff's complaint be dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.