**GENERAL ELECTRIC COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 85–5329.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1986.

Decided May 29, 1986.

Sally A. Johnson, Minneapolis, Minn., for appellant.

Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, ROSS and WOLLMAN, Circuit Judges.

LAY, Chief Judge.

General Electric appeals from the district court's [1] order which granted summary judgment on behalf of the United States and dismissed General Electric's complaint with prejudice on the grounds that General Electric's administrative claim for contribution had not been filed within the period prescribed by the Federal Tort Claims Act, 28 U.S.C. § 2401(b). We affirm.

On April 27, 1977, Stanley Green was severely injured in the course of his employment with the United States Postal Service ("USPS"). Green had been assigned to assist employees of General Electric Co. ("General Electric") in maintaining and repairing a high voltage electrical system which was owned and operated by USPS. Green suffered severe electrical burns. As a result of his injuries, he received $94,631.41 under the Federal Employee's Compensation Act (FECA), 5 U.S.C. §§ 8101–8193 (1982).

Green later filed an action in Minnesota state district court against General Electric. The case was tried to a jury, which awarded Green damages of $475,000. By a special verdict, the jury found Green nine percent at fault, General Electric twenty-one percent at fault, and USPS, although not a party to the action, seventy percent at fault. The verdict was affirmed by the Minnesota Supreme Court on appeal. General Electric paid the entire judgment, which had been properly reduced by the trial judge to $432,250, on May 14, 1981. [2]

On April 6, 1984, General Electric filed an administrative claim for contribution from USPS under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and 39 U.S.C. § 409. When the claim for contribution was denied, General Electric then filed suit against the United States in federal district court on January 15, 1984. The government filed a motion for summary judgment based on the FTCA's statute of limitations provision, which states that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Arguing that General Electric's claim accrued on May 14, 1981, the date it paid the judgment on which the contribution action is based, *see United States v. Yellow Cab Co.*, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951), the government asserted that General Electric had until May 14, 1983, to file a timely administrative claim with USPS. Because the claim was not presented until April 1984, the government contended that General Electric's claim was time-barred. The district court agreed, granted summary judgment for the government, and dismissed General Electric's complaint. This appeal followed.

On February 23, 1983, the United States Supreme Court decided *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), in which the Supreme Court held that a third-party tortfeasor was not barred by the FECA's exclusive liability provision, 5 U.S.C. § 8116(c), from seeking indemnity from the government under the FTCA for that third-party's previous payment of a judgment to a government employee. According to General Electric, *Lockheed* should not be applied retroactively to this case so as to bar General Electric in the present case from seeking contribution, because prior to that decision, General Electric had no reasonable probability of successfully prosecuting a claim for contribution from the government under the FTCA. On this basis, General Electric urges that the statute of limitations governing its claim should begin to run from the date on which *Lockheed* was decided. The district court did determine that it would have been futile

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, presiding.

2. Collateral litigation arose thereafter when the United States attempted to collect from Green the sum of the monies previously paid to Green under section 8101 of the FECA. For the unusual history of this case, *see Green v. United States Department of Labor*, 775 F.2d 964 (8th Cir.1985).

for General Electric to file its administrative claim before it did on the grounds that under this circuit's prior decisions a contribution action against the government would not be allowed.[3]

In addressing the issue of when General Electric's claim accrued, the district court discussed *United States v. LePatourel,* 593 F.2d 827 (8th Cir.1979) (en banc). In *LePatourel,* this court en banc held that a new construction of 5 U.S.C. § 8101 by a panel of this court, which found that a federal judge is an employee of the federal government, would toll the statute of limitations for accident victims until the date the new construction had been handed down. *See LePatourel,* 593 F.2d at 830. Noting that in *LePatourel* we relied in part on the retroactivity analysis in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the district court here found that *Chevron* required that *Lockheed* should not be applied retroactively, with the result that General Electric's claim was barred. In dismissing General Electric's claim, the district court held:

> [T]he government argues that General Electric had ample time to join its claim for contribution either by impleading the United States in the state court proceedings or by filing an administrative claim and commencing an action for contribution under the FTCA within two years following the payment of the judgment. Moreover, the *Lockheed* decision was filed on February 23, 1983, several months before the two year statute of limitations for filing an administrative

claim expired. General Electric had the opportunity to timely file its claim for contribution pursuant to the FTCA after the *Lockheed* decision was handed down. In conclusion, the court finds that retroactive application of the *Lockheed* decision would produce "substantial inequitable results" to the government, particularly since General Electric had the time to litigate the issue of contribution before the regular statute of limitations had run.[4]

*General Electric Co. v. United States,* 620 F.Supp. 160, 162 (D.Minn.1985).

Ordinarily, the date the statute of limitations begins to run on a contribution claim is the date the judgment is paid. In this case, the judgment was paid to Green by General Electric on May 14, 1981. Although *Lockheed* was not decided until February 23, 1983, we note that certiorari was granted by the Supreme Court in the *Lockheed* case on April 5, 1982. *See Lockheed Aircraft Corp. v. United States,* 456 U.S. 913, 102 S.Ct. 1766, 72 L.Ed.2d 172 (1982). Although the majority of jurisdictions previously barred suits for indemnity against the government, General Electric was put on notice as early as April 5, 1982 that the Supreme Court found there was an important conflict to be resolved between the circuits. *Compare Thomas v. Lockheed Aircraft Corp.,* 665 F.2d 1330 (D.C. Cir.1981) with *Wallenius Bremen G.m. B.H. v. United States,* 409 F.2d 994 (4th Cir.1969), *cert. denied,* 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1970). *See also United Air Lines, Inc. v. Wiener,* 335 F.2d

---

**3.** The district court found that two pre-*Lockheed* Eighth Circuit cases in particular would be controlling and bar a claim for indemnity. General Electric concedes that these cases, both of which focus on the right of a member of the military to sue the government under the *Feres* doctrine, do not address the precise issue raised here. *See Donham v. United States,* 536 F.2d 765 (8th Cir.1976), *aff'd sub. nom., Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977); *Maddux v. Cox,* 382 F.2d 119 (8th Cir.1967).

**4.** As the district court recognized, in *LePatourel* this court reasoned that under *Chevron Oil* our new construction of the statute in question

should not be applied retroactively. General Electric here also urges that the Supreme Court's decision in *Lockheed* represents a new construction of the act which should not be applied retroactively.

In analyzing and applying *LePatourel* and *Chevron Oil,* the district court did not apply *Lockheed* retroactively, but held that the claim was barred because *Lockheed* applied here prospectively. Thus General Electric and the district court, urging the same argument of non-retroactivity, reach different results. This simply serves to demonstrate the confusion which all too often results when one approaches statute of limitations issues under a retroactivity analysis.

379, 402–04 (9th Cir.1964), *cert. dismissed sub nom. United Air Lines, Inc. v. United States,* 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964). Moreover, the issue of the government's comparative fault was litigated by General Electric, without the government's presence, in the state court as early as 1980 and 1981. Thus, we find that General Electric was placed on notice that it had at least a fifty-fifty chance of successfully proceeding against the government under the FTCA when certiorari was granted in 1982.

■ Although we agree that a statute of limitations should not begin to run until a right to pursue a cause of action exists,[5] in this case we are not presented with a situation where a totally new rule of law was announced. There were no innovative principles used to decide *Lockheed* that could not have been reasonably foreseen. The Supreme Court gave no indication that it was deciding a completely new principle; the Court's rationale was focused on a long-standing interpretation of the statute involved. We find General Electric had sufficient notice of a legal recognition of its claim as early as April 5, 1982, if not before, and it should have acted to preserve that claim over one year before the statute of limitations would run.

A protracted discussion of retroactivity principles under *Chevron* would only add confusion to the singular issue presented here. The issue, simply stated, is: when did General Electric's claim for contribution *accrue.* Since our en banc decision in *LePatourel,* the Supreme Court in *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), has provided an analogous rationale which we find highly applicable here. In *Kubrick,* the Supreme Court determined that a claim accrues for statute of limitations purposes within the meaning of 28 U.S.C. § 2401(b) when the plaintiff knows both the existence and the cause of the injury. *See Kubrick,* 444 U.S. at 113, 100 S.Ct. at 355. The Supreme

Court makes clear the reason for such analysis:

> Section 2401(b), the limitations provision involved here, is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. * * * We should regard the plea of limitations as a "meritorious defense, in itself serving a public interest." * * *
>
> We should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended. * * * Neither, however, should we assume the authority to narrow the waiver that Congress intended.

*Kubrick,* 444 U.S. at 117–18, 100 S.Ct. at 356–57 (citations omitted).

In *Kubrick,* the plaintiff urged that the statute of limitations period should have been tolled until she knew the injury was caused by "malpractice." The Court ruled that "the prevailing rule under the [FTCA] has not been to postpone the running of the limitations period in malpractice cases until the plaintiff is aware that he has been legally wronged." *Id.* at 121 n. 8, 100 S.Ct. at 359 n. 8. The Court, fully articulating its reasoning, observed:

> We thus cannot hold that Congress intended that "accrual" of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims

---

5. *See, e.g., United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353, 1358 (5th Cir.1972).

against the Government. If there exists in the community a generally applicable standard of care with respect to the treatment of his ailment, we see no reason to suppose that competent advice would not be available to the plaintiff as to whether his treatment conformed to that standard. If advised that he has been wronged, he may promptly bring suit. If competently advised to the contrary, he may be dissuaded, as he should be, from pressing a baseless claim. Of course, he may be imcompetently advised or the medical community may be divided on the crucial issue of negligence, as the experts proved to be on the trial of this case. But however or even whether he is advised, the putative malpractice plaintiff must determine within the period limitations whether to sue or not, which is precisely the judgment that other tort claimants must make. If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern no sound reason for visiting the consequencs of such error on the defendant by delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit, even though more than two years have passed from the plaintiff's discovery of the relevant facts about injury.

*Kubrick,* 444 U.S. at 123–24, 100 S.Ct. at 360 (footnote omitted).

██ Here, General Electric, on May 14, 1981, knew both the existence and the alleged cause of its injury. Under *Kubrick* and the circumstances existing here, we have no difficulty in holding that General Electric had sufficient notice and is barred from pursuing its claim beyond two years from May 14, 1981, the date the judgment was paid. The order of the district court is affirmed.